UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANICE DUKES,

    Plaintiff,

v.                                                     Case No. 8:18-cv-2553-T-SPF

ANDREW M. SAUL,[1]
Commissioner of the Social
Security Administration,

    Defendant.
_____/

## ORDER

Plaintiff seeks judicial review of the denial of her claim for Supplemental Security Income benefits ("SSI"). As the Administrative Law Judge's ("ALJ") decision is based on substantial evidence and employed the proper legal standards, the Commissioner's decision is affirmed.

### I.     Procedural Background

On January 12, 2015, Plaintiff applied for SSI benefits alleging an onset of disability of January 1, 2004 (Tr. 211–16). The Commissioner denied Plaintiff's claims both initially and on reconsideration (Tr. 74–119; 129–33). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 44–71). Following the

---

[1] Andrew M. Saul is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit.

hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 25–43). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1–7). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II. Factual Background and the ALJ's Decision

Plaintiff claimed disability beginning January 1, 2004 (Tr. 28). Plaintiff has limited education (Tr. 28). Plaintiff's past relevant work experience included work as a fast-food worker, mail clerk, telemarketer, and as a deliverer of newspapers (Tr. 37, 64). Plaintiff alleged disability due to lupus, high blood pressure, and body pain (Tr. 74).

In rendering the administrative decision, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since January 12, 2015, the alleged onset date (Tr. 30). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: systemic lupus erythematosus, osteoarthritis of the bilateral knee, and major depressive disorder (Tr. 30). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 30). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work with the following limitations: Plaintiff remains able to lift and or carry ten pounds occasionally and ten pounds frequently, stand and/or walk for six hours in a workday, and sit for six hours in a workday. She can occasionally climb ladders, ropes, or scaffolds

and frequently climb ramps and stairs. She must avoid concentrated exposure to extreme cold, hazards, fumes, odors, dust, gasses, and poor ventilation. She can understand, remember, and carry out simple, repetitive, and routine tasks involving only simple work-related decisions with the ability to adapt to routine workplace changes (Tr. 32–33).

In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of the alleged symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 37). Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform her past relevant work as a mail clerk (Tr. 27). Therefore, the ALJ found Plaintiff not disabled (Tr. 37).

### III. Legal Standard

To be entitled to benefits, a claimant must be disabled, meaning she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration ("SSA"), in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits her ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform her past relevant work. If the claimant cannot perform the tasks required of her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with

deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. Review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**IV.     Analysis**

Plaintiff raises one issue on appeal—whether the Commissioner erred by failing to resolve an apparent conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). Particularly, Plaintiff argues that the ALJ failed to reconcile the apparent conflict, as required by the Social Security Ruling ("SSR") 00-04p, between her RFC limitations to perform simple, repetitive, and routine work (Tr. 32–33), and her past relevant work as a mail clerk, which requires a reasoning level of three and a language level of two. The Commissioner counters that in this case, the existence of a conflict between the VE's testimony and the DOT is irrelevant because the ALJ properly found at step four of the sequential evaluation process that Plaintiff was able to perform

her past relevant work as she *actually* performed it and this finding was based on Plaintiff's description of how she performed the work, not on how the DOT defines the job.

At the fourth step of the sequential analysis, the ALJ must determine whether the claimant can perform her past relevant work. *See* 20 C.F.R. §§ 416.920(f) & (g), 416.960(b)(3) & (c). "To support a conclusion that the claimant is able to return to [her] past relevant work, the ALJ must consider all the duties of that work and evaluate the claimant's ability to perform them in spite of [her] impairments." *Colon ex rel. Colon v. Comm'r of Soc. Sec.*, 411 F. App'x 236, 239 (11th Cir. 2011) (citing *Lucas v. Sullivan,* 918 F.2d 1567, 1574 n.3 (11th Cir. 1990)). However, at this step, "[t]he burden is on the claimant to show that [s]he can no longer perform his past relevant work as [s]he actually performed it, and cannot perform work of that same kind." *Colon*, 411 F. App'x at 239 (citing *Jackson v. Bowen,* 801 F.2d 1291, 1293–94 (11th Cir. 1986)). Thus, an ALJ may find a claimant not disabled if she can perform her previous work as she actually performed it or if she can perform the job as ordinarily required by employers throughout the national economy. *See* SSR 82-61 (identifying two tests for the ALJ to determine whether a claimant retains the capacity to perform his or her past relevant work: (1) "whether the claimant retains the capacity to perform . . . an individual job as he or she actually performed it;" or (2) "whether the claimant retains the capacity to perform . . . the job as ordinarily required by employers throughout the national economy").

At step four of the sequential evaluation process, the ALJ found Plaintiff capable of performing her past relevant work as a mail clerk, DOT 209.687-026, as "actually and generally performed." (Tr. 37). To support his finding, the ALJ stated:

6

> At [the] hearing, the impartial vocational expert persuasively testified that with the residual functional capacity as determined, the claimant is able to perform her past work as a mail clerk. (Exhibits 8D, 2E, 22E, Hearing testimony) In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed.

(*Id.*). Upon review of the parties' arguments and the ALJ's decision, the Court concludes that although the ALJ's finding that Plaintiff can perform her past work as generally required is not supported by substantial evidence, the ALJ's finding that Plaintiff can perform her past work as actually performed is supported by substantial evidence and has not been challenged. Therefore, remand is not warranted in this case.

### A. Past Work as Generally Performed

"[T]o define the job as it is *usually* [or generally] performed in the national economy," an ALJ relies on the DOT descriptions. *See* SSR 82-61 (emphasis in the original). Additionally, the ALJ may, but is not required, to rely on a VE's testimony. S*ee* 20 C.F.R. § 404.1560(b)(2) (stating that a VE "may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy); *see Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987) ("The testimony of a vocational expert is only required to determine whether the claimant's residual functional capacity permits him to do other work after the claimant has met his initial burden of showing that he cannot do past work."). Where there is a conflict between the VE's testimony and the DOT, "SSR 00-4p imposes a duty on ALJs to identify and resolve apparent conflicts between DOT data and VE testimony, and this

7

duty is not fulfilled simply by taking the VE at his word." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1362 (11th Cir. 2018). This duty requires that the ALJ do more than "simply asking the VE whether his testimony is consistent with the DOT. Once the conflict has been identified . . . the ALJ [must] offer a reasonable explanation for the discrepancy, and detail in his decision how he has resolved the conflict." *Id.* at 1356. "[F]ailure to discharge this duty means that the ALJ's decision, when based on the contradicted VE testimony, is not supported by substantial evidence." *Id.*

The DOT describes the position of a mail clerk as requiring a reasoning level of three. DOT 209.687-026. An applicant with a reasoning level of three can "carry out instruction in written, oral, or diagrammatic form" in situations "involving several concrete variables in or from standardized situations." DOT, App. C. As recognized by various courts, there is an "apparent conflict" between the ability to carry out simple tasks and a job with a reasoning level of three, which requires the ability to carry out instructions in "diagrammatic form", in which several concrete variables deviate from the standardized situation. *See Langway v. Berryhill*, No. 8:18-CV-549-T-30CPT, 2019 WL 918958, at *4 (M.D. Fla. Feb. 8, 2019) (finding an apparent conflict between the ability to perform the job of a mailroom clerk, which requires a reasoning level of three, and the plaintiff's limitation to understanding, remembering, and carrying out simple instructions); *Estrada v. Barnhart*, 417 F. Supp. 2d 1299, 1303-04 (M.D. Fla. 2006) (concluding that remand for resolution of apparent unresolved conflict between jobs with DOT reasoning level three and plaintiff's limitation to simple interactions and tasks is appropriate per SSR 00-4p). In light of the mandate in *Washington* requiring an ALJ to

8

identify and resolve an "apparent conflict", even if this conflict turns out to be not "real or true", the Court finds that the ALJ failed to comply with his "affirmative obligation" to investigate and resolve an apparent conflict. 906 F.3d at 1366. Therefore, the ALJ's finding that Plaintiff can perform her past work as generally required is not supported by substantial evidence.

### B. Past Work as Actually Performed

Despite the ALJ's failure to resolve the apparent conflict between the VE's testimony and the DOT, the ALJ's decision may still be affirmed if the ALJ's finding regarding Plaintiff's ability to perform her past work as actually performed is supported by substantial evidence. *See* SSR 82-61.

In determining whether a claimant can perform past relevant work as actually performed, the ALJ may rely on the claimant's testimony. *See* 20 C.F.R. § 404.1560(b)(2). Additionally, the ALJ may rely on a VE's testimony as this "may be helpful in supplementing or evaluating the accuracy of the claimant's description of [her] past work." 20 C.F.R. § 404.1560(b)(2). On this point, the Commissioner argues that the ALJ had no duty under SSR 00-4p to resolve conflicts between the VE's testimony and the DOT as to whether Plaintiff can perform her past relevant work as actually performed because such determination is based on a plaintiff's testimony of her job duties, not on the DOT description of such duties (*see* Doc. 16 at 11). Additionally, the Commissioner argues that because Plaintiff does not challenge the ALJ's finding that Plaintiff can perform her past relevant work as actually performed, the ALJ's decision should be affirmed. The Court agrees with the Commissioner.

9

While the Eleventh Circuit has not squarely addressed this issue:

> [W]e know of no circuits that have found a "conflict" in a discrepancy between, on the one hand, the expert's description of the job that the claimant actually performed, and the Dictionary's description of the job as it is performed in the national economy. We have held that in the fourth stage of the SSI inquiry, the claimant has the burden to show an inability to return to her previous specific job *and* an inability to perform her past relevant work generally. This inquiry requires separate evaluations of the previous specific job and the job as it is generally performed. Whereas the Dictionary describes jobs as they are generally performed, an expert is often called upon to explain the requirements of jobs, and as such, his deviations from the Dictionary in such testimony do not actually "conflict" with the Dictionary.

*Jasinski v. Barnhart*, 341 F.3d 182, 184–85 (2d Cir. 2003) (internal citations omitted); *see Hernandez v. Astrue*, 277 F. App'x 617, 625 (7th Cir. 2008) (stating that "the DOT and SSR 00-4p" do not come into play when a VE testifies that a plaintiff can perform her past work as she actually performed in the past, not as it is generally performed). As described above, the ALJ relied on the VE's testimony to find that the Plaintiff's RFC allowed her to perform her past relevant work as a mail clerk. Thus, the ALJ had no duty to resolve any conflict between the VE's testimony and the DOT and the ALJ's decision is supported by substantial evidence.

### V. Conclusion

Accordingly, it is hereby

ORDERED:

1. The decision of the Commissioner is affirmed.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

ORDERED in Tampa, Florida, on February 14, 2020.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE